UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WESLEY RYAN ANDERSON,

Plaintiff,

v. Case No. 25-cv-2003-bhl

JOHN DOE et al.,

Defendants.

**DECISION AND ORDER**

Plaintiff Wesley Ryan Anderson, who is confined at the New Lisbon Correctional Institution, is representing himself in this 42 U.S.C. §1983 case. On April 8, 2026, the Court screened the complaint and allowed Anderson to proceed on a medical care claim against a John Doe radiologist and a Jane Doe medical doctor. The Court instructed Anderson to use discovery to learn the names of the Defendants. Anderson's deadline to identify the Defendants was September 8, 2026. About two weeks after the deadline, on September 21, 2026, Anderson filed a "motion to amend" in which he identified four individuals—a doctor, a nurse practitioner, and two radiologists. He also asked the Court to allow him to proceed on a claim against the correctional officer who closed his cell door on his hand. Anderson states that, even though the officer's actions were accidental, he suffered significant injury.

Anderson's motion to identify the Defendants was filed two weeks late, and Anderson offers no explanation for his failure to comply with the deadline. The Court will excuse the late filing this time, but Anderson is advised that, in the future, if he is unable to comply with a deadline, he must ask for an extension of the deadline *before* the deadline passes.

The Court will deny Anderson's motion to identify the Defendants because it is not clear what each individual allegedly did or did not do to violate his rights. The screening order allowed Anderson to proceed on claims against only *one* radiologist and *one* doctor, but Anderson now identifies *four* people. Section 1983 requires that an individual be personally involved in the alleged constitutional violation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017).

This means that a complaint must include allegations that connect the person he is suing to the alleged misconduct. *Id.* Anderson's complaint does not do this for the four individuals he identifies in his motion.

Accordingly, if Anderson wants to proceed with this case, he must file an amended complaint that provides notice to each Defendant of what he or she allegedly did or did not do to violate his rights. Anderson should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) how he was impacted; and (5) how the Court can assist him in relation to those events. Anderson should set forth his allegations in short and plain statements and ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case.

Anderson is advised that the amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this case based on Anderson's failure to diligently prosecute it. *See* Civil L. R. 41(c). Anderson must file his amended complaint by **October 23, 2026**. If he is unable to comply with this deadline, he must file a motion to extend the deadline before the deadline passes.

Finally, the Court denies Anderson's request that he be allowed to proceed on a claim against the officer who accidentally slammed his hand in his cell door. As explained in the screening order, the only reasonable inference is that the officer accidentally closed the door on Anderson's hand, which is not actionable under the Constitution. *See Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) ("liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process").

**IT IS THEREFORE ORDERED** that Anderson's motion to amend (Dkt. No. 19) is **DENIED**.

**IT IS FURTHER ORDERED** that, if Anderson wants to proceed with this case, he must file an amended complaint by **October 23, 2026**.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Anderson a blank prisoner amended complaint form. Anderson must use the form. *See* Civil L. R. 9(b). If he needs more space than the form allows, he may add up to five additional pages.

Dated at Milwaukee, Wisconsin this 22nd day of September, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge