UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WESLEY RYAN ANDERSON,

Plaintiff,

v. Case No. 25-cv-2003-bhl

KEVIN SCHLEGEL et al.,

Defendants.

---

## SCREENING ORDER

---

Plaintiff Wesley Ryan Anderson, who is currently serving a state prison sentence at New Lisbon Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On April 8, 2026, the Court screened the complaint and allowed Anderson to proceed on a medical care claim against a John Doe radiologist and a Jane Doe medical doctor. The Court named Kenosha County Sheriff David Zoerner as a Defendant for the limited purpose of helping Anderson identify the Doe Defendants. On October 26, 2026, Anderson filed an amended complaint, which the Court will screen as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing,

as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

According to Anderson, on October 29, 2023, while housed as a pretrial detainee at the Kenosha County Jail, an officer closed Anderson's cell door without warning and crushed his hand between the door bars. Anderson asserts that he cried out, but the officer continued with his duties. When the officer made a round about thirty minutes later, Anderson informed him what had happened and showed him his swollen hand. The officer took Anderson to the health services unit where he was examined. He states he was given Tylenol, Advil, and ice for his extreme pain and told he would receive an x-ray.

The next morning, Anderson's hand was x-rayed. He states that he received two Advil in the morning and two at night. He asserts that his hand continued to look and feel worse. A few days later, on November 2, 2023, Anderson was informed that Radiologist Kevin Schlegel noted no breaks. Anderson states that all pain medication was stopped. He states that he "complained hourly" to "Defendant[] Biji Joseph Medical Doctor, Defendant Pollyanna Kabara NP, [and] Defendant Joseph Barta DMD." Finally, after about a month of extreme pain, on December 8, 2023, healthcare staff ordered a new x-ray, after which Anderson was informed that they had misread the first x-ray and that his hand was indeed fractured.

Anderson asserts that a splint was ordered but not given to him until about a month later. Shortly thereafter, Anderson was informed that his hand had healed incorrectly so the splint would

not be effective. Physical therapy was eventually ordered but did not start until May 2024 and consisted of only three, twenty-minute sessions over a two-month period. Anderson asserts that the Defendants all knew of his injury but did nothing to address it. He states that his hand is still deformed and painful.

## THE COURT'S ANALYSIS

Anderson was a pretrial detainee at the relevant time, so his claim arises under the Fourteenth Amendment. To state a medical care claim, a pretrial detainee must allege that he suffered from an objectively serious medical condition, and that the defendant's response to the condition was objectively unreasonable. *See Pittman v. Madison Cnty.*, 108 F.4th 561, 566 (7th Cir. 2024); *McCann v. Ogle Cnty., Ill.*, 909 F.3d 881, 886 (7th Cir. 2018). With the foregoing legal principles in mind, the Court will allow Anderson to proceed on a medical care claim against Dr. Joseph and NP Karbara based on allegations that they ignored and/or delayed addressing Anderson's persistent complaints of pain and requests for treatment of his hand injury. Although a close call, Anderson also states a claim against Dr. Schlegel, the radiologist who allegedly failed to detect the fracture in Anderson's original x-ray. Although negligence does not support a constitutional claim, *see Miranda v. Cnty. of Lake*, 900 F.3d 335, 354 (7th Cir. 2018), development of the record is necessary to determine whether the radiologist's evaluation of the x-ray was objectively reasonable.

Anderson does not, however, state a claim against "Joseph Barta DMD," who, based on the stated credentials, is a dentist. The Court cannot reasonably infer that the jail dentist would have the required expertise or authority to address Anderson's complaints about his hand injury. "Public officials do not have a free-floating obligation to put things to rights . . . . Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). In other words, the mere fact that Anderson may have mentioned to his dentist that his hand hurt did not obligate Dr. Barta to respond.

**IT IS THEREFORE ORDERED** that Anderson fails to state a claim against Joseph Barta. The clerk's office is directed to terminate him from this action.

**IT IS FURTHER ORDERED** that the clerk's office shall terminate Sheriff David Zoerner from this action. The Court thanks Sheriff Zoerner and his counsel for helping Anderson learn the names of the Doe Defendants.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Kevin Schlegel, Biji Joseph, and Pollyanna Kabara pursuant to Federal Rule of Civil Procedure 4. c is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Kevin Schlegel, Biji Joseph, and Pollyanna Kabara shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin this 2nd day of November, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge